**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MELVIN RABB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-1934-RWS |
| PIZZA HUT, NATALIE NOLAN, | : | |
| in her capacity as Manager, and | : | |
| MITCHELL CHAFFEE, in his | : | |
| capacity as Manager, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint [15] and Plaintiff's Motion for Extension of Time [24]. After reviewing the entire record, the Court enters the following Order.

On August 15, 2008, Plaintiff filed an Amended Petition [15] which the Court treated as a Motion for Leave to File Amended Complaint. Defendants filed a Response in Opposition [19] on September 2, 2008. On September 8, 2008, Plaintiff filed a Motion for Extension of Time to file a reply brief [22],

and on September 19, the Court entered an Order [23] granting Plaintiff an extension through September 26, 2008 within which to file his reply brief. On September 30, 2008, Plaintiff filed another Motion for Extension of Time [24].

Plaintiff's original Complaint alleges that Defendants discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff seeks to amend his Complaint to add claims based upon religious discrimination, violation of the Occupational Safety and Health Act ("OSHA"), violation of the Fair Labor Standards Act ("FLSA") and conspiracy to commit fraud. Plaintiff also seeks to add additional defendants in the action.

As for Plaintiff's religious discrimination claim, the Charge of Discrimination that Plaintiff filed with the EEOC only charged age discrimination against Defendant Pizza Hut. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander v. Fulton Co., Ga., 207 F. 3d 1303, 1332 (11th Cir. 2000). Therefore, Plaintiff's purported religious discrimination claim is futile because he did not file an EEOC charge based upon the claim.

Plaintiff's claim for a violation of OSHA is also futile. There is no

2

private right of action under OSHA. Jeter v. St. Regis Paper Co., 507 F.2d 973, 976 (5th Cir. 1975).

Also, Plaintiff has failed to adequately allege a cause of action for fraud. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." Plaintiff's Amended Complaint fails to meet this requirement.

In the Amended Complaint, Plaintiff also seeks to assert a claim under the FLSA for unpaid overtime. Defendants did not address this claim in their Response [19]. This claim is properly pled, and the Court will permit the Complaint to be amended to assert this claim.

The Court finds that Plaintiffs' proposed amendment to additional parties is futile. The only viable claims of Plaintiff are against Pizza Hut. Therefore, individual defendants need not be added in this action.

Plaintiff has been given sufficient opportunity to file a reply brief. His request for an additional extension was filed after the time within which the reply was due pursuant to the first extension granted to Defendant. Therefore, Plaintiff will not be granted an additional extension of time to file a reply brief.

Based on the foregoing, Plaintiff's Motion to Amend Complaint [15] is **GRANTED, IN PART** and **DENIED, IN PART**. The Motion is granted so as

3

to allow the addition of a Fair Labor Standards Act claim for unpaid overtime. Otherwise, the Motion is denied. Plaintiff's Motion for Extension of Time [24] is **DENIED**.

**SO ORDERED**, this  8th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)